UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE K. STONE

    Plaintiff,                  CIVIL ACTION NO. 06-CV-14408

v.                           DISTRICT JUDGE DENISE PAGE HOOD
                             MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past light work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on April 19, 2001, alleging that she had been disabled and unable to work since March 24, 2001, at age 29, due to a learning disability, migraine headaches and mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on April 25, 2006[1], before Administrative Law Judge (ALJ) Paul R. Armstrong. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past light work as a retail stock person and

---

[1] An earlier hearing was held on June 11, 2003, before a different ALJ (TR 432-471), which resulted in a decision to deny benefits (TR 20-29). The Appeals Council vacated that decision in March 2004, and the case was remanded for further administrative action to obtain updated medical evidence on claimant's mental condition (TR 48-50).

bagger. In addition, Plaintiff was found capable of performing a significant number of unskilled assembly and packaging jobs existing in the national economy. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 34 years old at the time of the remanded administrative hearing. She had been graduated from high school and had been employed as a stock person and bagger for various retail outlets during the relevant past (TR 73, 78). As a stock person, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 25 pounds on a regular basis (TR 73).

Claimant stopped working in November 2000, due to major depression (TR 79). She testified that anti-depressant medications caused her to become easily fatigued. As a result, Plaintiff alleged that she needed to sleep during most of the day (TR 446). The claimant also suffered from chronic headaches (TR 481). She was unable to read a newspaper or a menu (TR 482-483, 490). Despite treating with a mental health professional for five years, Plaintiff said that she did not think her depression was getting any better (TR 486). Nevertheless, Plaintiff was able to cook, wash dishes, dust, do the laundry, vacuum and do household repairs (TR 88-89, 450). She was also able to drive, shop for food, pick up her children from school, attend vocational rehabilitation classes and do some gardening (TR 89, 440, 449-450, 453-454).

A Vocational Expert, Michelle Peters, classified Plaintiff's past work as light, unskilled activity (TR 500). The witness testified that there would be no jobs that claimant

could perform if her testimony were found to be fully credible[2] (TR 501). If the claimant were capable of light work, the witness testified that Plaintiff could return to her past work as a retail stock person and bagger (TR 500). There were also numerous unskilled assembly and packaging jobs that she could perform with minimal vocational adjustment (TR 500-501).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of borderline intellectual functioning, depression, a bi-polar disorder and back pain, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental difficulties limited her to routine, unskilled work. Since Plaintiff's past jobs as a retail stock person and bagger were not precluded by these limitations, the ALJ found that she remained able to perform her past relevant work. In addition, the Law Judge determined that the claimant retained the residual functional capacity to perform a significant number of other unskilled jobs identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court

---

[2]The witness explained that Plaintiff's alleged inability to concentrate on a given task for longer than 15 minutes would preclude all work activity (TR 501).

does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple mental impairments were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2006).

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured.  42 U.S.C. § 416(I)(2).  The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2005, and thus she cannot be found disabled unless she can establish a disability prior to that date.  Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982).  Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered

to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between March 2001, the date her earlier applications for benefits were denied, and December 31, 2005, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

The proper inquiry in an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that she was disabled between April 2001, the SSI application date, and May 11, 2006, the date of the ALJ decision, in order to be entitled to SSI benefits.

DISCUSSION AND ANALYSIS

The claimant does not challenge the ALJ's determination that she retained the residual functional capacity for light work activity during the relevant period. Her sole contention is that the ALJ's hypothetical question to the vocational expert failed to incorporate all the mental limitations found by her treating doctor and a state agency physician. (see pp. 12-17 of Plaintiff's memorandum in support of Summary Judgment).

A review of the pertinent medical evidence reveals that Dr. E. Mercado, claimant's treating psychiatrist, never declared her to be totally disabled. In a March 2003 report, Dr. Mercado stated that Plaintiff faced mental challenges that would "make it difficult for her to cope with any job or work type atmosphere." (TR 187). Since the treating psychiatrist did not rule out the possibility that Plaintiff might one day be able to return to work after vocational retraining, the ALJ properly concluded that the doctor's opinion was consistent

with other determinations found in the record that Plaintiff had the mental capacity for simple unskilled work.

Dr. Joseph, the state agency physician, completed a mental residual functional capacity assessment and found that Plaintiff could perform simple, unskilled work (TR 150). Contrary to the claimant's assertion, the ALJ was not required to include in his hypothetical question to the vocational expert the fact that the claimant was found by this reviewing physician to be moderately impaired in eight of twenty listed mental activities. The Sixth Circuit has held that hypothetical questions to experts are not required to include lists of claimant's medical impairments. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004).

In the instant case, Dr. Joseph found that Plaintiff was moderately impaired in her ability to remember and carry out detailed instructions, maintain concentration for extended periods, keep to a schedule, respond appropriately to supervisors in a work like setting and set realistic goals for herself (TR 149-150). Despite these difficulties, Dr. Joseph concluded that the claimant could still perform substantial gainful activity as long as she was restricted to simple, unskilled work (TR 150). Since the hypothetical question did include Dr. Joseph's overall assessment that Plaintiff was restricted to simple, unskilled work, the vocational expert was aware of her mental limitations before she identified the types of jobs that the claimant could still perform[3] (TR 500).

---

[3] Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [her] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2006), The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2006). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she "can and cannot do," there exist a significant

Contrary to Plaintiff's assertion, the ALJ was not required to include in his hypothetical question the fact that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The medical evidence of record revealed that Plaintiff rarely complained about fatigue, tiredness or lethargy to physicians. Significantly, psychiatrists did not report that her medications produced major side-effects (TR 265, 269, 272, 282, 292, 301-303, 355, 377, 393, 405, 412). Moreover, Plaintiff stated that she was doing well on her medications (TR 254, 294, 297, 358, 393, 395). Thus, the ALJ reasonably found that the claimant did not suffer from disabling fatigue and tiredness as a result of her medications, and he properly did not include such a restriction in the hypothetical question.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

---

number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: March 8, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 8, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 8, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217