# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHELLE K. STONE

       Plaintiff,                                   CIVIL ACTION NO. 06-CV-14408

v.                                                  HONORABLE DENISE PAGE HOOD

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant,

_____/

## ORDER RE: REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation, dated March 8, 2007. Plaintiff filed objections to the Report and Recommendation on March 14, 2007.

A district court's review of an Administrative Law Judge's ("ALJ") decision is not *de novo*. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Id*. at 397. The Commissioner's decision must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of*

*HHS*, 893 F.2d 106, 108 (6th Cir. 1989).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge did not reach the correct conclusion. The Court finds that the findings made by the ALJ and Magistrate Judge are not supported by substantial evidence on the record. The ALJ and Magistrate Judge failed to support their decisions with substantial evidence, because: (1) they did not give controlling weight to the opinion of Plaintiff's treating psychiatrist; (2) the medical evidence was misinterpreted when viewed in the totality of the record; (3) and the hypothetical questions posed to the Vocational Expert did not accurately depict Plaintiff's impairments.

The ALJ failed to give the treating psychiatrist's opinion controlling weight although, on remand, the Appeals Council stated that Dr. Mercado's opinion should receive such weight. (TR. 48). Where a treating psychiatrist's opinion regarding the nature and severity of the Plaintiff's impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it is to be given controlling weight. 20 C.F.R. § 404.1527(d)(2). The Appeals Council determined that where the ALJ gave controlling weight to the claimant's description of her daily activities and social functioning reported by her friends instead of giving controlling weight to Dr. Mercado's medical report, the ALJ did not adequately evaluate the evidence. (TR. 48). Dr. Mercado reported that Plaintiff faces mental challenges which would "make it very difficult for her to cope with any job or work atmosphere." (TR. 187). In the report, he classifies the Plaintiff's condition as "chronic" and states that she "struggles" to cope in a work atmosphere. (TR. 187).

Additionally, Dr. Mercado reports that due to the Plaintiff's chronic mental condition she was unable to participate in a vocational program designed to assist in helping her cope in a work atmosphere, for an undetermined and indefinite amount of time. (TR. 187). Dr. Mercado further states that the Plaintiff's "[Learning Disability] is quite severe and impacts the client in numerous areas, particularly employability and self-esteem." (TR. 256). On remand, the ALJ provided a list of jobs which the Plaintiff could perform. Those jobs include: custodial, assembly/packing, warehouse/production, and stocking. As support for this finding, the ALJ relied on evidence that Plaintiff had expressed interest in working with her hands. He therefore found her to be employable in the listed job capacities despite the more controlling evidence from Dr. Mercado that the Plaintiff would have difficulty coping with "any job" due to her mental challenges. (TR 187).

The Court further finds that the ALJ and Magistrate Judge did not properly construe some of the medical opinions and evidence. The Magistrate Judge asserts that Dr. Mercado's failure to explicitly declare the Plaintiff as totally disabled should be interpreted to mean that Plaintiff can someday return to work. (R&R. 5). Neither the ALJ nor the Magistrate Judge support the assertion that a physician must explicitly state that a patient is totally disabled. Moreover, such a finding does not accurately reflect the record evidence as a whole and is inconsistent with the medical evidence supplied by Dr. Mercado. The ALJ and Magistrate Judge rely on evidence that the Plaintiff testified that she can cook, wash dishes, care for her children, and complete other household chores. (R&R 2). The record reflects that while Plaintiff did indeed testify that she is able to complete household chores, when asked how much time she spent on the chores, she

replied fifteen to twenty minutes. (TR. 89, 90). The Vocational Expert explained that an inability to concentrate on a given task for longer than fifteen minutes is preclusive of all work activity. (TR. 501).

Also relevant to this analysis is the fact that Plaintiff does not have full custody of her children, and therefore, it can be reasonably inferred that she does not care for them on a full time consistent basis. (TR 45). While the ALJ and Magistrate Judge rely on the fact that the Plaintiff has the ability to care for her children, they do not discuss the fact that the Plaintiff has difficulties caring for her children satisfactorily on her own, and as a result of her mental disorders and medications, she has attempted to physically attack her children. (TR. 451). Furthermore, Plaintiff resides with her mother and boyfriend who assist her in the caring of her children when the children are present in the home. (TR. 456).

In assessing a claimant's residual functional capacity, the necessary focus is not if the claimant can perform sporadic or periodic instances of work, but rather if the plaintiff has the capacity to perform work on a regular and continuous basis. 20 C.F.R. § 404.1545. It has not been demonstrated that the claimant's ability to work on a continuous basis is reflected by evidence that she can conduct household chores on a periodic basis.

The medical evidence was not given adequate weight as evidenced by the statement made by the Magistrate Judge that "Plaintiff rarely complained about fatigue, tiredness or lethargy to physicians." (R&R. 7). The Commissioner is required to consider the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv).

Neither the ALJ nor Magistrate Judge considered the side effects of Plaintiff's medications taken for her severe depression and bipolar disorder. Upon review, the medical records reflect that the Plaintiff repeatedly complained to physicians regarding substantial lethargy and fatigue resulting from her medications. She attributed falling asleep throughout the day to prescribed medications. (TR. 271). Her physician described her as appearing "drowsy" (TR. 286). Her physician reported "[c]lient continues to complain of drowsiness and fatigue." (TR. 365). The record reveals a substantial and consistent pattern of the Plaintiff complaining of disabling fatigue and lethargy to physicians.

Upon further review of the record in its totality, this Court finds that the Vocational Expert's responses to the hypothetical questions posed by the ALJ do not provide substantial evidence for the ALJ's finding. The Magistrate Judge is correct in stating that the Sixth Circuit has held that hypothetical questions to experts are not required to include lists of claimant's medical impairments. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004). The Sixth Circuit, however, has also found that while the ALJ is not required to include a list of impairments in a posed hypothetical, in order for a response to a hypothetical question to constitute substantial evidence, each element of the question must accurately describe the Plaintiff. *Cole v. Secretary of HHS*, 820 F.2d 768, 775 (6th Cir. 1987). Where the ALJ failed to pose hypothetical questions that reflect the specific findings of the Mental Residual Capacity Assessment conducted by state agency physician, Dr. Sydney Joseph, or the side effects of the claimant's medications such as chronic and severe lethargy, the hypothetical questions do not constitute substantial evidence. *Mitchell v. Sullivan*, 925 F2d 247 (8th Cir. 1997). Additionally, the Appeals

Council specifically instructed the ALJ to pose hypothetical questions that reflect the specific capacity and limitations established by the record as whole. (TR. 49). The ALJ did not include Dr. Joseph's findings that the claimant had a moderately limited ability to maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms, or perform at a consistent pace without an unreasonable number and length of rest periods. (TR 148, 149). This Court finds that these factors are vocationally relevant limitations that restrict the Plaintiff's ability to perform any work, including unskilled work. The Court finds that these vocational abilities should have been presented to the Vocational Expert as part of the hypothetical questions.

The Magistrate Judge and the ALJ focused their reasons on only a portion of the medical evidence on the record which supported their finding of non-disability. Selective evaluation of the record is disallowed. *Howard v. Commissioner*, 276 F3d 235 (6th Cir. 2002). The record, as a whole, including the records and statements of her treating physicians, which are unrebutted, substantially support a finding of disability.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Scheer **[Docket No. 12, Filed on March 8, 2007]** is **REJECTED**.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 11, Filed on February 2, 2007]** is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 10, Filed on January 3, 2007]** is **GRANTED**.

IT IS FURTHER ORDERED THAT THE Commissioner's decision is

REVERSED and this matter is REMANDED for an award of benefits.

        s/ DENISE PAGE HOOD
        DENISE PAGE HOOD
        United States District Judge

DATED: November 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2007, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager